■ ADAM ZANE et al., Respondents, v FRANCIS E. THOMAS et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County, entered August 11, 1977, granting plaintiffs-respondents' motion to serve a supplemental bill of particulars, unanimously modified, on the law and in the exercise of discretion, to the extent of denying respondents' motion to serve a supplemental bill alleging loss of earning capacity of plaintiff Helen Zane, and otherwise affirmed, without costs or disbursements. Plaintiffs do not couch their proposed supplemental bill as loss of earnings, but rather as loss of earning capacity. It would appear unnecessary for plaintiffs to supplement the previous bill to encompass loss of earning capacity, which is encompassed under the rubric of general damages alleged in the pleadings. Whether or not there was in fact a loss of earning capacity depends upon the evidence relating to that issue which may be offered at the trial. We intimate no view as to how the court should rule with respect to the evidence which may be offered on that question. Plaintiffs' claim of alleged

additional, recently discovered personal injuries, however, does require supplementation of the bill of particulars in order to be provable at trial. The medical affidavit in support of this claim specifically sets forth a causal relation between the original injury and such "changed" physical condition and reflects that such additional injuries were first observed in an examination of plaintiff Helen Zane in March, 1977. Defendants have failed to demonstrate that they would be prejudiced by the granting of that aspect of plaintiffs' motion. Further, the order provides safeguards for defendants, in that they are afforded "the opportunity to seek additional disclosure with reference to the supplemental bill" (e.g., additional physical examination of plaintiff Helen Zane [CPLR 3121]). Accordingly, although plaintiffs' motion was made on the eve of trial, March, 1977, their application, insofar as such additional physical injuries is concerned, was properly granted (Rules of the Supreme Court, New York County, 22 NYCRR 660.4 [d] [7]). Concur—Birns, J. P., Evans, Lane, Markewich and Sandler, JJ.